## Commonwealth v. Check

*Karen Byrnes,* assistant district attorney, for the Commonwealth.

*Robert T. Yurchak,* for defendant.

RUBRIGHT, *J.,* February 6, 1991—This matter is presently before the court on the defendant's omnibus pre-trial motion in which he seeks the suppres-

sion of blood test results. A hearing was held on February 1, 1991, and we are now prepared to dispose of the matter.

The facts can be briefly summarized as follows: On June 26, 1990, at approximately 5 a.m. Officer Timothy Delaney of the Coaldale Police Department was dispatched to investigate an accident in his jurisdiction. When he arrived at the scene, he observed one vehicle on the roadway and a second vehicle off the roadway, about 150 yards away. When he approached the second vehicle, he saw the defendant on the front seat, turned sideways and pinned in the car. Ambulance personnel arrived at the same time as Delaney and immediately started treating the defendant. The fire department was summoned because the defendant could not be extricated from her car. Officer Delaney was unable to interview the defendant due to her injuries and because she was being treated at the time. He did note, however, that there were empty beer bottles in the vehicle and he could smell alcohol. He spoke to the paramedics who were treating the defendant and, as a result, he asked them to request hospital personnel to take a blood test when they took the defendant to the hospital. Blood was drawn and the results indicated a blood alcohol content of .21 percent.

The defendant argues that the blood test results should be suppressed because the severity of an accident, standing alone, is not sufficient grounds to justify a warrantless blood test. She cites *Commonwealth v. Danforth*, 395 Pa. Super. 1, 576 A.2d 1013 (1990), in support of her argument. In *Danforth*, the Superior Court found that the blood tests authorized by section 1547(a)(2) of the Vehicle Code, 75 Pa.C.S. §1547(a)(2), are constitutionally invalid. Section 1547(a)(2) provided that drivers were

deemed to have consented to breath, blood or urine tests to determine blood alcohol content if they were involved in an accident in which the operator or passenger of any vehicle involved required treatment at a medical facility or was killed. The authority to conduct the test under section 1547(a)(2) hinged on the mere happening of a motor vehicle accident and the severity of the injuries to the people involved in the accident. The statute did not require any evidence of alcohol use by the driver. The court held that a factual scenario meeting the bare conditions set forth by the statute did not satisfy the Fourth Amendment requirement of probable cause.

This case is not controlled by *Danforth.* In the instant case, Officer Delaney had probable cause to believe the defendant was driving under the influence of alcohol and, therefore, he had authority to order a blood test under section 1547(a)(1). Probable cause exists when an officer has knowledge of sufficient facts and circumstances, gained through trustworthy information to warrant a prudent person to believe that the person seized has committed a crime. *Commonwealth v. Smith,* 382 Pa. Super 288, 555 A.2d 185 (1989). Officer Delaney testified that there were empty beer bottles in the defendant's car and that he smelled an odor of alcohol. He spoke to the paramedics who treated the defendant at the scene and, as a result, he determined that the defendant may have been driving under the influence. He asked the paramedics to request a blood test when they took the defendant to the hospital. Since there was probable cause to believe that the defendant was driving under the influence, there is no basis upon which to suppress the blood test results.

Accordingly, we enter the following

## ORDER OF COURT

And now, February 6, 1991, it is hereby ordered that the defendant's motion to suppress is denied and dismissed.